IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CHRISTOPHER CHEATHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CRST INTERNATIONAL HOLDINGS, LLC;<br>and CRST EXPEDITED, INC. d/b/a CRST THE<br>TRANSPORTATION SOLUTION, INC.,<br><br>　　　　Defendants. | Case No. 1:24-cv-00109-MAR<br><br><br>**PLAINTIFF'S SUPPLEMENTAL SUBMISSION CONCERNING PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN** |

**SUPPLEMENT TO PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN**

Counsel for Plaintiff, Christopher Cheatham, respectfully submits the following prior to the Scheduling Conference in this matter on January 29, 2025 before Magistrate Judge Mark A. Walker.

**(i)　　Supplemental Information**

　　a.　**Motion for Judgment on the Pleadings**

Defendants' counsel deliberately and knowingly filed CRST's multiple motions for judgement on the pleadings ("Motions") *on the day* Plaintiff's counsel was in surgery in the treatment of her cancer. Plaintiff will be undergoing radiation therapy and able to work only intermittently in February and March. Plaintiff therefore seeks 60 days to respond to the Motions.

　　b.　**Plaintiff's Motion for Notice to the Collective Pursuant to 29 U.S.C. § 216(B)**

Plaintiff's Motion for Notice to the Collective Pursuant to 29 U.S.C. § 216(B) must proceed in parallel with Motion for Judgment on the Pleadings. Defendants argue in its Motions that a class

action waiver in a thoroughly procedurally and substantively unconscionable contract prevents Mr. Cheatham from bringing a collective action. The precise language of the alleged waiver is:

> You expressly waive your ability to bring, represent, join or otherwise maintain a class action or similar proceeding against CRST, its affiliates, or agents in any forum. By signing this Agreement, you accept this waiver and choose to have any claim decided individually.

FLSA collective actions are not "similar proceedings" to class actions:

> "There is no doubt that the opt-in/opt-out distinction represents "a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for [the] FLSA." *Schmidt v. Fuller Brush Co.,* 527 F.2d 532, 536 (8th Cir.1975); *see Woodard,* at 187, 2008 WL 471552, at *9"

*Bouaphakeo v. Tyson Foods, Inc.*, 564 F.Supp.2d 870, 887 (N.D. Iowa 2008). Therefore, the Motion for Notice to the Collective must proceed and cannot be delayed by consideration of a waiver that is inapplicable on its face.

**(ii) Proposed Content of Order**

Plaintiff requests that the following clarifications be explicit in the Order:

a. **Electronically Stored Information**

The Parties recognize their mutual obligation to preserve information that is potentially relevant to the claims and defenses alleged in this action. All Parties will preserve ESI in their possession, custody or control where the ESI may include information relevant to the litigation. All ESI must be produced in its native format inclusive of metadata (even if that metadata exists on a different system) regardless whether such ESI is less than 250 pages and regardless whether it is capable of being produced in paper format or as an image or in an Excel file.

b. **Discovery Deadlines**

Discovery requests made in this action are subject to a thirty-day deadline as stated in FRCP 33, 34, and 36. Completion dates for discovery set in this Scheduling Order are not intended to be the first day that a party seeking discovery receives a

response.

   c. **Interim Discovery Conference**

   Plaintiff requests a midpoint factual discovery scheduling conference with Magistrate Judge Mark A. Walker in order to review the progress made.

   d. **Motion for Decertification**

   Plaintiff requests that any motion for decertification brought by Defendant after notice has gone to the FLSA Collective be scheduled and that Plaintiff have sixty days between that Motion and his Response in order for discovery to be conducted and expert reports to be written.

Dated: January 28, 2025

Respectfully submitted,

*/s/ Rachel Mariner* _____
Rachel Mariner (admitted *pro hac vice*)
Robert Montes, Jr. (admitted *pro hac vice*)
RAFII & ASSOCIATES, P.C.
1120 N. Town Center Dr., Suite 130
Las Vegas, NV 89144
Phone: (725)245-6056
Fax: (725)220-1802
Rachel@rafiilaw.com
Robert@rafiilaw.com

Nathan Willems
Emily Shott Hood
RUSH & NICHOLSON, P.L.C.
115 First Avenue SE, Suite 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
Phone: (319) 363-5209
Fax: (319) 363-6664
nate@rushnicholson.com
emily@rushnicholson.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies, pursuant to LR 5(a), that a true and correct copy of this document was served electronically upon all parties to the above cause of action through the Court's ECF system to each of the attorneys of record herein at their respective addressees disclosed on the pleadings on January 28, 2025.

James H. Hanson
Angela S. Cash
Andrew J. Ireland
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
kvisser@spmblaw.com
*Attorneys for Defendants CRST International Holdings, LLC*