## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF IOWA CEDAR
## RAPIDS DIVISION

| | |
|---|---|
| CHRISTOPHER CHEATHAM, on behalf of him-self and all others similarly situated,<br><br>V.<br><br>CRST INTERNATIONAL HOLDINGS, LLC and CRST EXPEDITED, INC, d/b/a CRST THE TRANSPORTATION SOLUTION, INC,<br><br>      Defendants. | Case No. 1:24-CV-109 |

## PLAINTIFFS' MOTION FOR CIRCULATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(b)

Pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), Plaintiff Christopher Cheatham ("Plaintiff"), on behalf of himself and all others similarly situated, (collectively "Plaintiffs" or "Plaintiff Drivers"), by and through his counsel, hereby moves the Court to grant conditional collective action class certification of this FLSA claim ("Action") and requests court authorization and facilitation of notice to the following putative collection action class members (collectively "Putative Collective Members" or "the FLSA Collective" or "Drivers") regarding their potential FLSA minimum wage and overtime claims:

> *All employee drivers who signed the Repayment Agreement and drove for CRST at any time between March 28, 2022, and the date of this Order.*

Plaintiff also moves for an Order approving and authorizing Plaintiff to disseminate the proposed notice documents, including "*Notice of Pending Collective Action Lawsuit. Under the Fair Labor Standards Act,*" "*Consent to Join Lawsuit Pursuant to 29 U.S.C. § 216(b),*" and "*Reminder Card,*" in the following manner:

    (a) Mail and email the notice within 10 days of receiving the necessary contact information from Defendants to the addresses provided;

(b) Mail, email and text reminder notices to collective action members who have not opted-in within 60 days of the initial mailing; and

(c) Resend any notice that is returned, should Plaintiffs discover more up-to-date addresses.

To facilitate notice, Plaintiff moves the Court to Order Defendants to do the following:

(a) Provide Plaintiff's counsel within 14 days the following information for each of the individuals described in the collective action definition above:  full name, last known address(es), phone numbers, email address(es), and unique employee identification number. Plaintiff requests this information in electronic spreadsheet format, such as Excel, with each type of information appearing in a separate column.

(b) Provide Plaintiff's counsel the last four digits of the social security number and telephone number for Putative Collection Member whose notice is returned because the address is incorrect so that Plaintiff can attempt to find the proper address and re- issue notice. Plaintiff requests this information in electronic spreadsheet format, such as Excel, with each type of information appearing in a separate column.

In addition, Plaintiff moves this court to find any waiver of rights under the FLSA, contemplated by the Repayment Agreement class action waiver, inapplicable.

Plaintiff also moves this Court to extend the statute of limitations for this action to three years so that Putative Collective Members can receive notice.

Finally, Plaintiff moves the Court to equitably toll the statute of limitation for all members of the FLSA Collective from February 12, 2025, the date of the of the filing of this motion, until the date notice is issued.

In support of this Motion, Plaintiff refers the Court to the memorandum of law with accompanying Exhibits submitted herewith, "Memorandum of Point and Authorities in Support of Plaintiff's Motion for Circulation of Notice Pursuant to  29 U.S.C. § 216 (b)," all records on file with the Clerk in this action, all matters upon which judicial notice may be taken, any oral argument that may be presented, and upon such other matters the Court deems just and necessary.

Pursuant to Local R. 7(k), Counsel for Plaintiffs has conferred with Counsel for Defendants regarding Defendants' position on this motion. Defendants do not consent to this motion.

Respectfully submitted,

DATED: February 12, 2025                    **RAFII & ASSOCIATES, P.C.**


*/s/Rachel Mariner*
Rachel Mariner
Robert Montes
RAFII & ASSOCIATES, P.C.
1120 N. Town Center Dr., Suite 130
Las Vegas, NV 89144
Tel: (725) 245-6056
rachel@rafiilaw.com
robert@rafiilaw.com
*Attorneys for Plaintiff*

Nathan Willems
Emily Shott Hood
RUSH & NICHOLSON, P.L.C.
115 First Avenue SE, Suite 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
Phone: (319) 363-5209
Fax: (319) 363-6664
nate@rushnicholson.com
emily@rushnicholson.com

**CERTIFICATE OF SERVICE**

The undersigned certifies, pursuant to LR 5(a), that a true and correct copy of this document was served electronically upon all parties to the above cause of action through the Court's ECF system to each of the attorneys of record herein at their respective addressees disclosed on the pleadings on February 12, 2025.

James H. Hanson
Angela S. Cash
Andrew J. Ireland
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
*Attorneys for Defendant*
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
*Attorneys for Defendant*
kvisser@spmblaw.com

By: */s/ Marcus Johnson*
Marcus Johnson

# EXHIBIT A

# EXHIBIT A

**NOTICE OF RIGHT TO TAKE PART IN A LAWSUIT**

**To: All employee drivers who signed the Repayment Agreement and drove for CRST at any time between March 28, 2022, and [Date of Order].**

The purpose of this Notice is (1) to inform you about a lawsuit, *Christopher Cheatham v. CRST International, Inc., and CRST Expedited, Inc.* [case number], pending in the Northern District of Iowa, which alleges CRST International Holdings, LLC and CRST Expedited, Inc. (collectively referred to as "CRST") violated the minimum wage provisions of the Fair Labor Standards Act; (2) to inform you that you have the have the right to participate in this lawsuit if you want to; and (3) to instruct you on how to exercise your right to participate or not participate in the lawsuit.

### 1. What is the Lawsuit About?

Plaintiff, Christopher Cheatham, is a truck driver who signed a Repayment Agreement and trained for his Commercial Driving License under that Repayment Agreement with CRST on March 28, 2022. He alleges that he was entitled to receive the Federal minimum wage for all hours he worked. He further alleges that in certain workweeks he received less than the minimum wage for his hours of work. This Plaintiff seeks unpaid minimum wages and an equal amount in liquidated damages for each workweek in which he received less than the minimum wage. He also seeks to recover unpaid minimum wages and liquidated damages for other Drivers who did not receive minimum wage for all hours worked in a workweek.

CRST denies any wrongdoing.

The Court has not yet decided whether Plaintiff's claims are correct or not.

### 2. Why Did I Get This Notice?

The Court has determined that notice may be sent to Drivers who signed the Repayment Agreement and drove for CRST as employees at any time between March 28, 2022, and [Date of Order]. You have been identified as one of those individuals who is eligible to receive notice which allows you to join this action and potentially be entitled to compensation if Plaintiff's suit is successful.

### 3. What Happens If I Choose To Take Part In The Lawsuit?

If you take part in this lawsuit, you will be bound by the Court's decision regarding the lawsuit, whether favorable or unfavorable. Being bound by the Court's decision means that if Plaintiffs win or the Court approves a settlement of their claims and they are awarded money, you will receive your share of the money. But it also means that if Plaintiffs lose on their claims, you will receive

nothing, and your claims will be terminated. Joining the lawsuit is not a guarantee that you will ultimately receive compensation.

**4. What Happens If I Choose NOT To Take Part In The Lawsuit?**

If you do not take part in this lawsuit, you will not be bound by the decision of the Court. That means if Plaintiffs win money you will NOT receive a share of the money. The lawsuit will not affect your right to hire an attorney to file your own lawsuit about this claim as long as you do so within applicable time limitations.

**5. How Do I Make My Choice To Participate Or Not?**

If you want to take part in this lawsuit you must fill out the enclosed form entitled "CONSENT TO JOIN SUIT AS PARTY PLAINTIFF." If you choose to join the lawsuit, you must read, sign, and send it to Plaintiffs' attorneys by [Deadline]. Send your form to Plaintiffs' attorneys by mail, fax, or email to:

[Recipient Address and Info]

An addressed and postage-paid envelope is enclosed for your convenience. Or you can visit [website] and electronically sign and submit a Consent Form.

You have the right to be represented by a different lawyer if you wish, but you must make separate arrangements with any such lawyer.

If your signed Consent Form is not received by Plaintiffs' attorneys by the [Deadline], you will lose the right to participate in any recovery obtained against CRST in this lawsuit.

If you do not want to take part in this lawsuit, you need not take any action. You are not required to respond in any way to this notice.

**6. What Happens Next?**

You have until the [Deadline] to decide whether or not you want to participate in the case. After that date, the lawsuit will proceed toward trial on behalf of Plaintiffs and those Drivers who chose to participate in the lawsuit.

**7. Can CRST Retaliate Against Me If I Participate in the Lawsuit?**

No. The law prohibits CRST from retaliating against you in any way. For example, CRST cannot give you an unfair review, reduce your pay, terminate you, or give you less work because you have decided to participate in the lawsuit. Moreover, the Repayment Agreement will not interfere

with your right to participate in this lawsuit and receive money if Plaintiffs win. The Repayment Agreement does not waive or limit any rights or remedies you may have under any state or federal wage payment laws or statutes, including the Fair Labor Standards Act. CRST does not agree regarding the Repayment Agreement and will continue to litigate that finding in this lawsuit.

## 9. Who Will Be My Lawyer If I Participate In the Lawsuit?

If you choose to participate in this lawsuit, you will be designating Plaintiffs and their attorneys to act on your behalf and to represent your interests. These lawyers will not charge you for representing you in this lawsuit. If Plaintiffs win and recover money, Plaintiffs' attorneys may petition the Court to award them up to 1/3 of the money they win for the Plaintiffs and the participating Drivers or a fee award to be paid directly from CRST. The Court will decide how much they should receive. If Plaintiffs lose and recover no money from CRST, Plaintiffs' attorneys will not be paid and you will not owe Plaintiffs' attorneys anything.

## 11. Who Are The Plaintiffs' Attorneys?

The names of the Plaintiffs' attorneys and their law firms are as follows:

Rachel Mariner
Robert Montes, Jr.
RAFII & ASSOCIATES, P.C.
1120 N. Town Center Dr., Suite 130
Las Vegas, NV 89144
Phone: (725)245-6056
Fax: (725)220-1802
Rachel@rafiilaw.com
Robert@rafiilaw.com

Nathan Willems
Emily Shott Hood
RUSH & NICHOLSON, P.L.C.
115 First Avenue SE, Suite 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
Phone: (319) 363-5209
Fax: (319) 363-6664
nate@rushnicholson.com
emily@rushnicholson.com

If you would rather hire your own attorney to represent you in the lawsuit, you have a right to do so but you must make the arrangements yourself. If you do not hire your own attorney, you will be represented by Plaintiffs' attorneys if you chose so.

**12. How Do I Get More Information?**

If you have questions about this notice or the lawsuit, please contact Plaintiff's attorneys by writing, calling, or emailing:

[Administrator or Dedicated email]

When you write, call, or email, please indicate that you are a CRST driver and your question will be routed to the correct person.

**<u>THIS NOTICE HAS BEEN APPROVED BY [JUDGE], UNITED STATES DISTRICT JUDGE</u>**

# EXHIBIT B

# EXHIBIT B

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

Read the enclosed Notice Carefully before deciding whether to complete this form.

I have read the collective action Notice in the lawsuit of [Caption], in the United States District Court for the Northern District of Iowa in Cedar Rapids. I signed the Repayment Agreement and drove for CRST at any time between March 28, 2022, and [Date of Order]. I hereby consent to sue these Defendants in this Fair Labor Standards Act minimum wage case. I understand that by signing this form, I will be represented by Plaintiffs' Counsel identified in the notice, and I authorize Plaintiffs' Counsel to represent me without prepayment of costs or attorneys' fees. I understand that If Plaintiffs win and recover money, Plaintiffs' attorneys may petition the Court to award them up to 1/3 of the money they win for the Plaintiffs and the participating Drivers or a fee award to be paid directly from Defendants. The Court will decide how much they should receive. If Plaintiffs lose and recover no money from Defendants, Plaintiffs' attorneys will not be paid and I will not owe the attorneys anything. I designate the Named Plaintiff in this action as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, and all other matters pertaining to this lawsuit.

Date: _____

Signature: _____

Print Name: _____


Return this form by mail, email or fax to:

[Recipient Address]

[Recipient Email]

[Recipient Phone]

[Recipient Fax]

To be valid, this Consent to Join Suit as Party Plaintiff form must be postmarked or sent electronically or by fax to Plaintiffs' Counsel by [Date of Deadline]. This Consent to Sue is not valid and effective until you have received notification from Plaintiffs' Counsel indicating that it has been filed. If you have not received notification within 3 weeks from your transmission of the form to us, you must contact us by phone.

Information Below Is Required But Will Not Be Filed with the Court. Please Print Clearly or Type.

Name exactly as it appears on company pay statements (if different):

_____

Current Mailing Address: City, State Zip:

Home Phone Number:

Cell Phone Number:

Email: _____

Check next to the best way to reach you: _____Text _____Email _____

Phone Emergency Contact Name: _____

Emergency Contact Number: _____

# EXHIBIT C

# EXHIBIT C

**REMINDER CARD/TEXT/EMAIL**

Reminder: Administrators in

***Cheatham v. CRST International Holdings LLC and CRST Expedited*** *Inc* have
attempted to be in contact with you and provide

**NOTICE OF RIGHT TO TAKE PART IN A LAWSUIT**

You can read the Notice at this link [                    ]
Or call this number for more information [                    ]


You have until the **[Deadline]** to decide whether or not you want to participate in the case. After
that date, the lawsuit will proceed toward trial on behalf of Plaintiffs and those Drivers who
chose to participate in the lawsuit.

You can electronically sign and submit your consent form here [                ]
or email the administrators for a form [                ]

# EXHIBIT D

# EXHIBIT D

**RAFII & ASSOCIATES, P.C.**
EXCELLENCE | COMMITMENT | RESULTS

1120 N. TOWN CENTER DR., SUITE 130
LAS VEGAS, NEVADA 89144
TELEPHONE (725) 245-6056
FACSIMILE (725) 220-1802

February 15, 2024

*<u>Via U.S. Certified Mail</u>*

CRST Expedited, Inc.                          CRST Expedited, Inc.
c/o Registered Agent                         c/o Registered Agent
Cogency Global Inc.                          Cogency Global Inc.
321 W. Winnie Lane, #104                      100 Court Ave., Suite 201
Carson City, NV 89703                        Des Moines, IA 50309

Re:  <u>Representation of Christopher Jeffrey Cheatham</u>

To Whom It May Concern:

Please be advised that our office represents Christopher Jeffrey Cheatham ("Plaintiff") regarding his potential employment claims against CRST Expedited, Inc. ("Defendant").

Pursuant to Nevada Revised Statute sections 608.115 and 613.075, please provide our office with a copy of Plaintiff's personnel file and all records that relate to his hiring, performance, compensation, or termination (whether or not in his personnel file), including but not limited to: applications for employment; payroll documentation; timekeeper records; notices of commendation, warning, discipline, or termination; notices of layoff; leaves of absences; vacation; education or training notices and records; performance appraisals or reviews; attendance records; wage statements (including the number of hours worked per day); testing documentation; audio or video recordings; and all related employment documents and payroll records. Please send records to paola@rafiilaw.com. We would be happy to reimburse Defendants for the reasonable and actual costs of copying these documents and records, excluding records of wages that are required to be furnished by the employer. *See* NRS § 608.115(2).

This letter also serves to give notice that, because legal action may be taken, Defendants have a duty to preserve evidence that is relevant to this potential action. *See Bass-Davis v. Davis*, 122 Nev. 442, 450 (2006); *Banks v. Sunrise Hosp.*, 120 Nev. 822, 830-31 (2004). This duty encompasses both traditional forms of documentary evidence (e.g., hard copy documents) as well as electronic data. Due to its format, such electronic data is particularly susceptible to deletion, modification, and corruption. Accordingly, please cease any and all existing electronic and recorded data deletion (whether pursuant to a data retention policy or not) and preserve all such information until the final resolution of this matter.

For the purposes of this preservation demand, "electronic data" includes, but is not limited to, the following:  audio recordings, videotape, e-mail, instant  messages, word  processing documents, spreadsheets, databases, calendars, telephone logs, telephone recorded messages, voicemail messages,



internet usage files, and all other electronically stored information created, received, and/or maintained by the parties on computer systems. The sources of the documentary evidence and electronic and recorded data include, but are not limited to, all hard copy files, computer hard drives, removable media (e.g., CDs, DVDs, and flash/thumb drives) and the like, file server or data array (e.g., RAID), laptop computers, cell phones, personal digital assistants (PDAs), and any other locations where hard copy and electronic data is stored. Keep in mind that any of the above-mentioned sources of relevant information may include personal computers that Defendants or their employees use or have access to at home or other locations.  It also includes inaccessible storage media, such as back-up tapes that may contain relevant electronic information not existing in any other form.

Thank you for your attention to these matters. Please do not hesitate to contact me if you have questions or would like to discuss possible early resolution of Plaintiff's claims.

Sincerely,

**RAFII & ASSOCIATES, P.C.**

Robert Montes, Jr., Esq.

# USPS Tracking®

FAQs ›

**Tracking Number:**

Remove ✕

## 95890710527009705596012

Copy     Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 12:11 pm on February 21, 2024 in DES MOINES, IA 50309.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered

**Delivered, Left with Individual**

DES MOINES, IA 50309
February 21, 2024, 12:11 pm

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

**See Less** ⌃

Track Another Package

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 9589071052700970596029

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 10:10 am on February 23, 2024 in CARSON CITY, NV 89703.

---

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered
**Delivered, Left with Individual**
CARSON CITY, NV 89703
February 23, 2024, 10:10 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

---

**Text & Email Updates**                    ⌄

---

**USPS Tracking Plus®**                    ⌄

---

**Product Information**                    ⌄

**See Less** ⌃

Track Another Package

# EXHIBIT E

# EXHIBIT E

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA CEDAR
RAPIDS DIVISION**

| | |
|---|---|
| CHRISTOPHER CHEATHAM, on behalf of him-self and all others similarly situated, <br><br> CRST INTERNATIONAL HOLDINGS, LLC; CRST EXPEDITED, INC, d/b/a CRST THE TRANSPORTATION SOLUTION, INC. <br><br>     Defendants. | Case No. 1:24-CV-109 |

**DECLARATION OF CHRISTOPHER CHEATHAM IN SUPPORT OF MOTION FOR
CIRCULATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(B) AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEROF**

I, CHRISTOPHER CHEATHAM, state as follows:

1.      I am the Plaintiff in this matter.

2.      I submit this Declaration in Support of Plaintiff's MOTION FOR CIRCULATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(B) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEROF.

3.      I have personal knowledge of the facts set forth herein, except as to those stated on information and belief, and to those, I am informed and believe them to be true. If I am called as a witness, I could and would competently testify to the matters stated herein.

*Similarly Situated Collective - Numerosity*

4.      I trained for my CDL at the direction of CRST at a driving school in an isolated, rural part of Colorado: Keenesburg.

5.      My driving school was "Careers Worldwide".

1

6. My training "class" had about fourteen people in it.

7. Each "class" lasted four weeks.

8. In my experience, a new, similarly-sized class started every week as a previous class finished its four-week cycle and began team driving with a trainer.

9. I confirmed from discussions with people at Careers Worldwide that the trainers at the driving school did this year-round.

10. If in fact the Driving School only starts classes 48 weeks a year (rather than fifty-two), that means that Careers Worldwide trained around 700 people a year.

11. Since I began in March, 2022, that means that only my driving school has trained 1900 people.

12. All of my class was training for CRST and all the classes who were there when I was there were training for CRST.

13. Even if Careers Worldwide only trained CRST drivers half the time, this amount is a significant number.

14. However, CRST does not work with only one "independent" driving schools. It works with multiple driving schools.

*Similarly Situated – Choice and Form Contracts*

15. CRST sent me to Careers Worldwide – that is, I didn't choose which Driving School I went to.

16. My classmates were from all over. Three from Texas, one from California, one from Kentucky. No one had chosen Careers Worldwide or Keenesburg, Colorado. They had been directed by CRST. They didn't choose either.

17. When we arrived at the driving school before training started, we were given the booklet to study to prepare to take the test to receive a learner's permit for a Colorado CDL.

18. We expected to start right away with the learner's permit but that training was interrupted on our first day.

2

19.     Careers Worldwide passed out some papers for CRST and said to us that we had to sign these papers to continue.

20.     Those papers were the Repayment Agreement (**Exhibit F** in the index), Promissory Note (**Exhibit G** in the index) and Wage Authorization Forms (**Exhibit H** in the index).

21.     Either sign it by Wednesday or we'll give you a bus ticket to get out of here. Also Wednesday is your permit test.

22.     Everyone got the exact same papers.

23.     So we were invested in moving forward and already there and didn't want to fail. None of us had any other jobs and were out on a limb for CRST.

24.     Everybody in my class just signed them right there on Monday because we had this forward momentum.

25.     No one explained the documents to us.

26.     When we got out there driving, we found that those same form contracts got signed at each driving school.

*Similarly Situated – Paid Less Than Minimum Wage*

27.     When we started driving, we were paid a lot less than we thought, less than minimum wage. I wasn't making enough money to even support my family. This happened to every trainee I knew.

28.     I swear under penalty of perjury that the forgoing is true and correct.

DATED: February 12, 2025                    _____

                                                                Christopher Cheatham
                                                                Plaintiff

3

# EXHIBIT F

# EXHIBIT F

# CRST COMMERCIAL DRIVER'S LICENSE TRAINING
# AND REPAYMENT AGREEMENT

This CRST Commercial Driver's License Training and Repayment Agreement (the "Agreement") is entered into by and between CRST The Transportation Solution, Inc. ("CRST" or "Us"), an Iowa corporation, and __Christopher Cheatham__ ("Student" or "You"). In consideration of the parties' respective promises in this Agreement and other good and valuable consideration, CRST and Student agree as follows.

**1.      Purpose.** The CRST Commercial Driver's License Training Program (the "Program") is designed to provide Student the benefit of vocational training that will give Student the knowledge and skills needed to meet the federal Department of Transportation (DOT) Commercial Driver's License (CDL) requirements and qualify to earn a CDL. Student's participation in the Program is voluntary and Student acknowledges and agrees that the benefits of the education received under the Program are not specific to CRST, but rather are readily transportable.

**2.      Cost of the Program:  $5,750.00 (Five Thousand Seven Hundred and Fifty U.S. Dollars).** Included in the Program are CDL training school tuition, transportation to the training school, lodging during training, up to two meals/day during training, federally required DOT physical and DOT drug test, hair drug test, CLP (Commercial Learner's Permit) Assistance, and other fees, costs and expenses incurred by CRST.

**3.      Payment Options - Initial One.** Except for the Pre-Pay option, Your obligation to pay the Cost of the Program shall be evidenced by a Promissory Note from You in favor of CRST (the "Note") and subject to the terms and conditions of this Agreement and the Note.

Three repayment examples/illustrations are included on the final page of this Agreement.

a.      _____ **Pre-Pay**. Student may pre-pay the Cost of the Program at the rate of $5,750.00 (five thousand seven hundred and fifty U.S. Dollars).

b.      _X____ **Repay By-the-Mile**. Accept employment with CRST at the completion of the Program and you will repay your financial obligation by CRST automatically subtracting the following amounts from your weekly paycheck:

$.03 per Total Movement Mile for 100,000 Total Movement Miles, totaling $3,000.00 (three thousand U.S. Dollars).

Upon completion of 100,000 Total Movement Miles, CRST will waive the remaining balance of $2,750.00 (two thousand seven hundred and fifty U.S. Dollars).

Total Movement Miles, for purposes of this Agreement, are defined as all approved miles paid to the truck, not the driver. This is the equivalent of $.06 per mile, over 50,000 miles when calculating split team miles.

**4.      Payment on Demand if Not Employed by CRST** Subject to Section 5 below, in the event You do not accept or are not offered employment with CRST, the total Cost of the Program ($5,750) will be due and owing immediately upon demand of CRST. If your employment with CRST is voluntarily or involuntarily terminated, any remaining balance owed under the Note will be due and owing immediately upon demand of CRST.

**5.      Proration Policy/Early Termination Fees.** Notwithstanding any other provision in this Agreement or the Note to the contrary, if Your participation in the Program ends for any reason, whether voluntarily or not voluntarily, then Your obligation to CRST shall be calculated as follows:

a.      Day 1 through Day 3 of Program – No Fees Assessed
b.      Day 4 through Completion of Program:

1

# CRST COMMERCIAL DRIVER'S LICENSE TRAINING
# AND REPAYMENT AGREEMENT

    i.   If attending a CRST owned CDL school, e.g., North American Driver Training Academy (NADTA), then $300/calendar day, starting on Day 4, up to a maximum of $5,750.00.

    ii.   If attending a non-CRST owned CDL school, then $250/calendar day, starting on Day 4, up to a maximum of $3,500.00. You will also be responsible for amounts owed to the Training School pursuant to the terms of any agreement entered with the school.

**6.** **Employment.** While it is expected that you will be offered and accept employment with CRST upon completion of the Program, this Agreement is not a contract for employment. You understand and agree that you are NOT an employee of CRST during the Program and will not be paid wages, other compensation, or be entitled to any employment-related benefits during the Program.

**7.** **Non-Competition Agreement.** In exchange for CRST advancing the costs of the Program and other valuable consideration, You agree that you will not, without the written authorization of CRST, for a period of ten (10) calendar months after completion of the Program (the "Non-Compete Term"), use the licensure You obtained as a result of the training obtained under this Agreement to provide driving services to any person or entity competing with CRST. Payment in full of the Cost of the Program, as defined in Section 4, will cancel any remaining portion of the Non-Compete Term.

**8.** **Remedies.** You acknowledge that compliance with the non-compete obligation set forth above is necessary to protect CRST's investment and legitimate business interest in the Program and its operations. You agree that if you breach this non-compete agreement, CRST shall be entitled to payment by You for all costs and expenses, including reasonable attorney fees, incurred by CRST in enforcing any provision of this Agreement. CRST shall also be entitled to pursue any other remedy available at law, including legal remedies available against any person or company who hires You in violation of this non-compete agreement. All remedies shall be cumulative and if a court holds that the duration or scope of the non-compete agreement is unreasonable, it is agreed that the court may revise the restriction to cover the maximum time period and scope permitted by law.

**9.** **Education/Employment Verification.** You will not receive a graduation certification, diploma, CDL school records or other certification of completion unless/until You have fully satisfied your repayment obligation to CRST, as set forth above.

**10.** **Validity.** If any provision of this Agreement is found to be unenforceable, such provision will be distinct and severable from other provisions, and such unenforceability will not affect the validity or enforceability of the remaining provisions.

**11.** **Assignment.** This Agreement and the rights and obligations of both parties thereunder may be assigned by CRST without Your notice or consent. This Agreement is not assignable or transferable by You.

**12.** **Notices.** Any notice required to be given under this Agreement must be in writing and made by personal delivery, reputable overnight carrier, registered or certified mail, return receipt requested and postage prepared to the address for Student set forth in the signature block of this Agreement. In the case of CRST, notice shall be sent to CRST, Attn: General Counsel, PO Box 68, Cedar Rapids, IA 52406.

**13.** **Choice of Law – Forum Selection Clause – Class Action Waiver.** Iowa law will apply to this Agreement and any dispute arising from it. The exclusive venue for all disputes between the parties under this Agreement shall be the state or federal court having jurisdiction over or located within Linn County, Iowa. You hereby agree and consent to being subject to the personal jurisdiction of the state or federal courts located in Linn County, Iowa and waive any right to contest the appropriateness of any action brought in any such court based upon lack of personal jurisdiction, improper venue, or inconvenient forum (forum non conveniens).

2

EMP_RECORDS000278

# CRST COMMERCIAL DRIVER'S LICENSE TRAINING
# AND REPAYMENT AGREEMENT

You agree that you will not participate in any class action claims against CRST, its affiliates, or agents and must file a claim on an individual basis. **You expressly waive your ability to bring, represent, join or otherwise maintain a class action or similar proceeding against CRST, its affiliates, or agents in any forum. By signing this Agreement, you accept this waiver and choose to have any claim decided individually.**

**14.      Waiver and Amendment/Severability.** No waiver of any portion of this Agreement shall be valid unless in writing and signed by the party against whom the waiver is sought to be enforced. No waiver of any provision of this Agreement shall be deemed a waiver of any other provision of the Agreement at such time or at any other time. If any provision in this Agreement is deemed invalid, illegal, or unenforceable for any reason or in any respect, that will not affect the validity and enforceability of the other provisions.

**15.      Collections.** If you fail to satisfy your financial obligation completely and on time and CRST refers your account(s) to a third party for collection, CRST will charge a collection fee which will be assessed and due at the time of the referral to the third party. The fee will be calculated at the maximum percentage permitted by applicable law, but not to exceed twenty-five percent (25%) to cover collection-related expenses.

**16.      Prior Express Consent.** You agree, and expressly consent to receive, and authorize CRST, its affiliates, and agents to deliver, or cause to be delivered, calls and SMS/text and voice messages to your cell phone, and residential line as applicable, using an **automatic telephone dialing system and/or using an artificial or pre-recorded voice**. This could result in charges to you according to your data plan. These calls and messages will be for the purposes of servicing your account, payment, and collecting any amounts you may owe.

**17.      Indemnification.** If you change or obtain a new cell phone number, or if you no longer maintain the phone number you originally provided to us, you agree to notify CRST immediately of such change.

You agree to indemnify and hold CRST, its officers, agents, and employees harmless from any liability, loss, or damage, including but not limited to, attorney's fees, it may suffer as a result of claims, demands, costs, or judgments against it arising out of alleged violations of the Telephone Consumer Protection Act (TCPA) or similar laws, resulting from auto dialed or artificial or pre-recorded voice calls placed to an incorrect or reassigned phone number(s), originally belonging to you or which you provided to CRST, but of which you failed to timely notify CRST that such number(s) was incorrect or no longer assigned to you.

**18.      Survival.** The provisions of section 7 (Non-Competition Agreement), section 13 (Choice of Law – Forum Selection Clause – Class Action Waiver), section 15 (Collections), section 16 (Prior Express Consent) and section 17 (Indemnification) shall survive termination of this Agreement.

**This Agreement is a legal document. Do not sign this Agreement before you have read all of it. By signing this Agreement, You acknowledge that you have had the opportunity for your own legal counsel to review this Agreement before signing.**

[Signature Page Follows]

3

EMP_RECORDS000279

## CRST COMMERCIAL DRIVER'S LICENSE TRAINING
## AND REPAYMENT AGREEMENT

**CRST The Transportation Solution, Inc.**

By: /s/ *Jenny Abernathy*
VP - Enterprise Capacity Development

**You/Student**

_____
Signature

Christopher Cheatham
_____
Print Name

_____
SSN

_____
Date of Birth


Street/Mailing Address

Las Vegas,  NV  89166
_____
City/State/Zip Code

4

EMP_RECORDS000280

**CRST COMMERCIAL DRIVER'S LICENSE TRAINING
AND REPAYMENT AGREEMENT**

**REPAYMENT EXAMPLES/ILLUSTRATIONS**

| | | Repay By-The-Mile |
|---|---|---|
| You Accept Employment with CRST and Complete Agreement | $5,750<br>-$3,000<br>$2,750 | Original Balance<br>$.03/Total Movement Miles for 100,000 miles<br>Balance waived by CRST |
| | | |
| You Accept Employment - Do NOT Complete Agreement (e.g., 50,000 Truck Miles Completed) | $5,750<br>-$1,500<br>$4,250 | Original Balance<br>$.03/Total Movement Miles for 50,000 miles<br>Owed Upon Demand from CRST (nothing waived) |
| | | **Demand Only** |
| You Are Not Offered or Do Not Accept Employment with CRST | $5,750 | Owed Upon Demand from CRST |
| | | |

5

EMP_RECORDS000281

# EXHIBIT G

# EXHIBIT G

# PROMISSORY NOTE WITH DEMAND FEATURE

Christopher Cheatham                                          **$5,750.00**

8250 North Grand Canyon Drive, #1085 #1085 Las Vegas NV 89166

03-28-2022

      FOR VALUE RECEIVED in the form of specialized/vocational training required to meet the federal Commercial Driver's License A requirement, the undersigned, <u>Christopher Cheatham</u> [full name] who resides at the address stated above (hereinafter referred to as "Maker"), hereby promises to pay to the order of CRST The Transportation Solution, Inc., an Iowa corporation with a principal business address at 1332 Edgewood Road SW Cedar Rapids, IA 52404 (hereinafter referred to as "Holder"), the principal sum of FIVE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 DOLLARS ($5,750.00) (the "Note").

1.     **Interest Free Loan.** The unpaid principal balance shall not accrue interest or other fees, unless the loan is in default after a demand for payment has been made pursuant to Section 3 below.

2.     **Payment by the Mile.** If the Maker is offered and accepts employment with CRST, three cents ($0.03) per Total Movement Mile shall be subtracted from the Maker's paycheck and applied to reduce the principal balance of the Note. Maker's financial obligation under this Note will be satisfied upon completion of 100,000 Total Movement Miles, with any remaining principal balance under this Note completely waived and the Maker's obligation discharged.

3.     **Demand Feature.** If the Maker is not offered or does not accept employment with Holder, or if Maker's employment as a driver for Holder is voluntarily or involuntarily terminated, the entire outstanding principal balance of this Note shall be fully and immediately due upon demand from Holder, subject to Section 4 of that certain CRST Commercial Driver's License Training and Repayment Agreement (the "Training and Repayment Agreement") made by and among Maker and CRST on or around the date first set forth above.

4.     **Payment Due in Full Upon Demand.** Upon a demand made pursuant to Section 3 above, all outstanding principal sums shall be paid by Maker, in lawful currency of the United States of America and in immediately available funds, to Holder at its address stated above or to an account designated by Holder within five (5) business days. Thereafter, Holder may pursue all other rights, remedies, and recourses available to it. No delay or omission of Holder in exercising any right or remedy hereunder shall constitute a waiver of any such right or remedy. Acceptance by Holder of any payment less than the full amount owed (including costs and expenses identified in Section 6) after demand shall not be deemed a waiver of such demand. A waiver on one occasion shall not operate as a bar to or waiver of any such right or remedy in the future.

5.     **Interest Rate Incurred Upon Delinquency.** If Maker fails to pay the outstanding principal sum within five (5) business days of a demand made pursuant to Section 3, the overdue amount as of following day shall incur interest at the rate of 5% per annum, or the highest rate allowed by applicable law, whichever is greater, until such overdue amount (including interest) is paid in full.

6.     **Costs, Fees, & Expenses.** Maker agrees to pay all reasonable costs and expenses, including, without limitation, reasonable attorneys' fees and expenses incurred, or which may be incurred, by Holder in connection with the enforcement and collection of this Promissory Note insofar as they are allowed by law. Such costs and expenses shall be payable upon demand for the same and until so paid shall be added to the principal amount of this Note.

EMP_RECORDS000282

**7.      Prepayment.** You may prepay any remaining amount due on this Note without penalty.

**8.      Waiver of Presentment.** Except to the extent required to give effect to Section 3 above, Maker waives demand, presentment, notice of dishonor, diligence in collecting, grace, notice of protest, and any other technical defenses of this Note.

**9.      Severability.** If any provision in this Note is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this Note will remain in full force and effect. Any provision of this Note held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

**10.     Assignment.** The Holder or any of its assignees, may assign or sell all or a part of its right, title, and interest in, to and under this Note without the Maker's consent. Any assignee to this Note shall have the same rights as the Holder, including the right to demand payment in full pursuant to Section 4 above. All payments required to be made hereunder shall be made by Maker without any right of set off or counterclaim.

**11.     Notices.**  Any notice or other communication required or permitted to be delivered under this Note shall be in writing (unless otherwise provided) and shall be deemed properly delivered, given and received when delivered (by hand, by registered or certified mail, return receipt request, by courier or express delivery service), to the respective addresses identified above. A party may change its address for notification purposes by giving the other party notice of the new address and the date upon which it shall become effective by the means of notice stated in this section.

**12.     Entire Agreement.** This instrument, along with the Training and Repayment Agreement, contains the entire agreement between the Maker and Holder with respect to the subject matter contemplated herein, and supersedes all negotiations, presentations, warranties, commitments, offers, contracts and writings prior to the date hereof relating to the subject matter hereof. This instrument may be amended, modified, waived, discharged or terminated only by a writing signed by Maker and accepted in writing by Holder.

**13.     Headings.**  The headings of the various Sections herein are for reference only and shall not define, modify, expand or limit any of the terms or provisions of this Note.

**14.     Governing Law.** This instrument shall be governed by Iowa law, without regard to the conflict of laws provisions thereof. For purposes of any action or proceeding involving this Note, Maker and Holder hereby expressly submit to the jurisdiction of all federal and state courts located in Linn County, Iowa and consent to any order, process, notice of motion or other application to or by any of said courts or a judge thereof being served within or without such court's jurisdiction by registered mail or by personal service, provided a reasonable time for appearance is allowed (but not less than the time otherwise afforded by any law or rule), and waives any right to contest the appropriateness of any action brought in any such court based upon lack of personal jurisdiction, improper venue or *forum non conveniens*.

**15.     Waiver of Jury Trial.  TO THE EXTENT PERMITTED BY LAW, MAKER HEREBY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING RELATING TO THIS NOTE, THE OBLIGATIONS THEREUNDER, OR ANY TRANSACTION ARISING THEREFROM OR CONNECTED THERETO. MAKER REPRESENTS TO HOLDER THAT THIS WAIVER IS KNOWINGLY, WILLINGLY, AND VOLUNTARILY GIVEN.**

EMP_RECORDS000283

# PROMISSORY NOTE WITH DEMAND FEATURE

**IMPORTANT. READ BEFORE SIGNING: THE TERMS OF THIS NOTE SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS NOTE ONLY BY ANOTHER WRITTEN AGREEMENT.**

**IN WITNESS WHEREOF,** Maker has caused this Note to be executed and delivered to Holder as of the day and year first above written.

**MAKER**

Signature: _____

Print Name: Christopher Cheatham _____

# EXHIBIT H

# EXHIBIT H



# WAGE DEDUCTION AUTHORIZATION

I hereby authorize CRST Expedited, Inc. d/b/a CRST The Transportation Solution, Inc. ("CRST") to withhold from my weekly wages the total amount equaling $.03 per Total Movement Mile, which shall be withheld for the purpose of repaying my financial obligation under my CRST Commercial Driver's License Training and Repayment Agreement (the "Agreement").

As defined in the Agreement and for purposes of this authorization, Total Movement Miles are defined as all approved miles paid to the truck, not the driver. This deduction will begin upon commencement of employment with CRST and will continue until the total amount of $3,000.00 has been deducted.

I further agree that, in the event my employment terminates, either voluntarily or involuntarily, prior to the full repayment of the total amount due and owing under the Agreement, CRST may withhold the remaining amount owed from my final pay, except to the extent prohibited by federal or state minimum wage law. I represent that this authorization is executed voluntarily and has not been made as a condition of my continued employment.

Date: 03-28-2022

Signature

Print Name: Christopher Cheatham

SSN: _

Date of Birth: _ 4

EMP_RECORDS000285