UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CHRISTOPHER CHEATHAM, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CRST INTERNATIONAL HOLDINGS, LLC; CRST EXPEDITED, INC. d/b/a CRST THE TRANSPORTATION SOLUTION, INC.; and CRST SPECIALIZED TRANSPORTATION, INC. d/b/a CRST SPECIALIZED SOLUTIONS, INC.,<br><br>Defendants. | Case No. 1:24-cv-00109-CJ-MAR |

**RENEWED MOTION OF DEFENDANT, CRST EXPEDITED, INC., TO STRIKE ALLEGATION IN PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(f)**

Defendant, CRST Expedited, Inc. (CRST Expedited), respectfully requests this Court to strike a portion of paragraph 100 of Plaintiff's First Amended Complaint (ECF No. 47) pursuant to Fed. R. Civ. P. 12(f) for the following reasons:

1. Plaintiff, Christopher Cheatham, individually and on behalf of all others similarly situated, filed his original Complaint on October 8, 2024, bringing claims of fraudulent misrepresentation; unlawful deductions from wages under Iowa state law; forced labor in violation of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1589 *et seq.*; unjust enrichment; and failure to pay minimum wages under Iowa state law and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* against CRST Expedited, CRST International Holdings, LLC (CRST International) and CRST Specialized Transportation, Inc. (CRST Specialized) (*See* ECF No. 1). CRST Specialized was subsequently dismissed by agreement (ECF No. 33). CRST Expedited and CRST International answered the Complaint on December 9, 2024. (ECF Nos. 31 and 32).

2. On February 19, 2025, Plaintiff filed his First Amended Complaint that dropped one of his unlawful deductions claims and added a breach of contract claim. (*See* ECF No. 47). Plaintiff also revised many of the "Factual Allegations" in the First Amended Complaint and added new allegations, including allegations that are immaterial and scandalous pursuant to Fed. R. Civ. P. 12(f).

3. In particular, in a series of allegations regarding Plaintiff's alleged experience while attending school to become a truck driver at Careers Worldwide, Plaintiff alleges at paragraph 100:

> The training featured many moments of abuse and public humiliation from instructors. **The entire experience of driving school fell short of the humane treatment that prisoners of war are entitled to under the Geneva Convention in that the accommodations were not livable and they were subject to public humiliation.**

(*See* ECF No. 47 at ¶ 100) (emphasis added).

4. CRST requests that this Court strike the second sentence of paragraph 100 (Prisoner of War Allegations) as it has no bearing or relation to the claims or controversy at issue in this case and is derogatory and prejudicial to CRST Expedited.

5. On its own or upon motion by a party, the Court may strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). *See e.g. Thor Corp. v. Automatic Washer Co.*, 91 F. Supp. 829 (S.D. Iowa 1950) (striking certain paragraphs of a pleading).

6. Because striking a pleading is an extreme measure, motions to strike under Rule 12(f) are disfavored. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal citations omitted). Nevertheless, the rule is stated in the permissive and thus, district courts enjoy "liberal discretion" in striking inappropriate matters. *Id.*

7. Scandalous matters are those that cast a derogatory light on a party and bear no relation to the controversy. *Nunes v. Lizza*, 486 F. Supp. 3d 1267, 1299 (N.D. Iowa 2020). Moreover,

scandalous matters are also those that may prejudice the objecting party. *Id.* (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005)).

8. Moreover, immaterial allegations can be stricken because they "have no essential or important relationship" to Plaintiff's claims for relief. *Id*. (citing *Resolution Tr. Corp. v. Fiala,* 870 F. Supp. 962, 977 (E.D. Mo. 1994)). Allegations may also be stricken "if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *Id.* (citing *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp.2d 862, 867-68 (W. D. Mo. 2012)).

9. Here, Plaintiff's Prisoner of War Allegations should be stricken under Rule 12(f). How Plaintiff's alleged treatment compares to the treatment for prisoners of war has no bearing on the factual or legal issues in the case, and the suggestion that CRST Expedited subjected Plaintiff to conditions that don't even meet the legal requirements for treatment of prisoners of war is prejudicial and has criminal overtones.

10. The Prisoner of War Allegations are scandalous and immaterial, and this Court should strike them under Rule 12(f) and require Plaintiff to file a Second Amended Complaint omitting the prejudicial language.

11. In accordance with LR 7(k), Defendant's counsel has personally conferred in good faith with counsel for Plaintiff, and Plaintiff does not consent to the Motion.

WHEREFORE, Defendant, CRST Expedited, Inc., respectfully requests that the Court grant Defendant's Renewed Motion to Strike Allegation in Plaintiff's First Amended Complaint Pursuant to Rule 12(f).

Dated:  March 31, 2025                     Respectfully submitted,

                                           */s/ James H. Hanson*
                                           James H. Hanson (*pro hac vice*)
                                           Angela S. Cash (*pro hac vice*)
                                           Andrew J. Ireland (*pro hac vice*)
                                           SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
                                           10 West Market Street, Suite 1400
                                           Indianapolis, IN 46204
                                           P: 317-492-9205
                                           F: 317-684-2414
                                           jhanson@scopelitis.com
                                           acash@scopelitis.com
                                           aireland@scopelitis.com


                                           Kevin J. Visser
                                           SIMMONS PERRINE MOYER BERGMAN PLC
                                           115 Third Street SE, Suite 1200
                                           Cedar Rapids, IA 52401-1266
                                           P: 319-366-7641
                                           F: 319-366-1917
                                           kvisser@spmblaw.com

                                           *Attorneys for Defendant, CRST Expedited, Inc.*

4